UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

    Plaintiff,

v.                                               Case No. 8:20-cv-1730-T-35SPF

B. CROFT and HERNANDO COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER

    This matter comes before the Court upon Plaintiff's Motion for Disqualification of Magistrate Judge (Doc. 10).  Plaintiff cites to 28 U.S.C. § 455(a) as a basis for the disqualification.  The criterion for disqualification under 28 U.S.C. § 445(a) is stated as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

    "Section 455(a) requires recusal when the objective circumstances create an appearance of partiality. A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).  "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge

learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Upon consideration of this matter, the Court finds no basis to warrant disqualification.

In this case, Plaintiff's allegations of bias are unsubstantiated and without merit. Plaintiff first asserts that the undersigned "has a history of trying to deny African Americans access to the Courts, and allowing constitutional violations to continue among people of color" (Doc. 10 at 1). These vague, conclusory, unsupported, and meritless allegations do not require recusal. *See Cerceda*, 188 F.3d at 1293. Plaintiff next questions the undersigned's fairness based on the allegation that Plaintiff's motions have not been addressed in over a month, resulting in a delay of this litigation (Doc. 10 at 1-2). A judge's delay in ruling does not constitute the sort of pervasive bias that necessitates recusal. *See Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994). Nevertheless, the only motion referred to the undersigned prior to the filing of the instant motion was Plaintiff's motion to proceed *in forma pauperis* (Doc. 2, filed July 27, 2020), upon which the undersigned entered a Report and Recommendation only two days later (Doc. 6, entered July 29, 2020).

Accordingly, upon due consideration, it is hereby **ORDERED**:

Plaintiff's Motion for Disqualification of Magistrate Judge (Doc. 10) is **DENIED**.

**ORDERED** in Tampa, Florida, this 24th day of September 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

2